IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1: CR-03-028-02**
:
**v.** :
:
**ANDRE SIERRA, JR.** :

## **M E M O R A N D U M**

### I. Background

Before the court is a motion for vacation of conviction and sentence pursuant to 28 U.S.C. § 2255. Petitioner was charged in a one count indictment with a violation of 21 U.S.C. § 841(a)(1), distribution and possession with intent to distribute cocaine base, a/k/a "crack" and 18 U.S.C. § 2, aiding and abetting. On June 2, 2003, Petitioner entered a guilty plea pursuant to a plea agreement. He was sentenced on December 4, 2003. Petitioner filed the instant petition on December 3, 2004. On March 30, 2005, the court held a hearing and heard oral arguments. The matter is now ripe for disposition.

Petitioner asserts that his sentence was illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Petitioner also raises a claim of ineffective assistance of counsel and asserts the following: 1) the amount of drugs with which he was charged was too high; 2) he was promised a 5K1.1 departure that he did not receive; 3) he would not be charged with possession of a gun, which he claims he was; and 4) he was promised a sentence between 135 months to 168 months and this sentence would include time on his

parole revocation. The court is not persuaded by Petitioner's argument and will deny Petitioner's habeas petition for the following reasons.

## II. Discussion

### A. *Apprendi* and *Blakely* Claims

Petitioner contends that his sentence was illegal under *Apprendi* and *Blakely*. However, Petitioner did not present an argument based on the principles in *Blakely* or *Apprendi* either at the time of sentencing or on direct review. The Government asserts that Petitioner may not collaterally raise these claims. The court finds Government's argument to be convincing.

Since Petitioner filed his habeas petition, the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005), which clarified and controls the principles set forth in *Apprendi* and *Blakely*. The Supreme Court specifically ruled that *Booker* applies only to those cases that are still pending on direct appeal or are otherwise not final. *Id.* at 769. This issue was further addressed by the Third Circuit in *In re Olopade*, No. 05-1617, slip op (3d Cir. April 11, 2005). The *Olopade* court reasoned that " 'a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.' " *Id*. at 2 (quoting *Tyler v. Cain*, 533 U.S. 656, 663 (2001)). The *Olopade* court went on to state: "It is clear that the Supreme Court has not expressly held that *Booker* is applicable to cases on collateral review." *Id.* Moreover, the *Olopade* found that "there is no combination of Supreme Court decisions that 'dictates' that *Booker* has retroactive force on collateral review." *Id* at 3.

As stated, Petitioner did not make an argument based on the principles of *Blakely* or *Apprendi* either at the time of sentencing or on direct appeal. Based on the rationale of *Booker* and *Olopade*, Petitioner cannot collaterally raise these arguments. Thus, Petitioner's habeas petition will be denied with respect to his argument that his sentence was illegal under *Blakely* or *Apprendi*.

## B. Ineffective Assistance of Counsel

On March 30, 2005, a hearing on the petition was held at which Petitioner and his former attorney testified. As a result of that hearing and for the reasons stated below, the court concludes that Petitioner's counsel, attorney Myshin, was not incompetent and that the petition should be denied.

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's representations were objectively deficient and with few exceptions, that prejudice resulted from these alleged deficiencies. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-94 (1984); *Gov't of Virgin Islands v. Zepp*, 748 F.2d 125, 133-34 (3d Cir. 1984).

> A lawyer's representation is considered objectively deficient if it "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To establish prejudice, a defendant must demonstrate that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.
>
> . . .
>
> [These] principles apply equally to those defendants who have pled guilty. *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court applied the *Strickland* two-part test for determining ineffective assistance of counsel in a case where the defendant challenged a guilty plea. Although the standard for deficient performance remains unchanged, in a guilty plea case the standard for prejudice "focuses on whether counsel's constitutionally ineffective performance

> affected the outcome of the plea process." *Id.* at 59; *see United States v. Nahodil*, 36 F.3d 323, 326-327 (3d Cir. 1994); *Dooley v. Petsock*, 816 F.2d 885, 889 (3d Cir. 1987). In order for a defendant such as Weeks who challenges his guilty plea to satisfy the prejudice requirement, he must demonstrate that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

*Weeks v. Snyder*, 219 F.3d 245, 257 (3d Cir. 2000). With these standards as a guide, the court will examine Petitioner's claims.

### 1. Amount of Drugs

The presentence report estimated through unidentified witnesses and Petitioner's codefendant that he was involved in the distribution of at least 425.20 grams of crack cocaine. On June 5, 2003, Petitioner accepted responsibility for the distribution of 50 to 150 grams of cocaine base. (Def.'s Sent. Mem. at 1.) Petitioner claims he believes he only sold about half of the 50 grams or more attributed to him. At the March 30, 2005 hearing, however, Petitioner repeatedly said that he could not recall specific amounts.

Counsel met with Petitioner on April 25, 2003 and discussed the evidence, elements of the offense, maximum penalties, defenses, witnesses, guidelines, and amount of drugs. Counsel believed that his client could be exposed to approximately 600 grams of drug distribution. In counsel's notes of the April 25, 2003 meeting, there is a calculation made by counsel showing 24 oz. (696 gr.). (Gov't Ex. 1, at 2.) In any event, in a letter from Petitioner to this court dated October 3, 2003, Petitioner admits to the 50 to 150 grams of crack distribution. (Gov't Ex. 7.) In the sentencing memorandum, received by Petitioner before sentencing, there is an affirmation that he accepted responsibility for 50 to 150 grams

4

of cocaine base. No objection to this clause was raised by Petitioner prior to sentencing. The drug amounts, as stipulated to, are explained in the Defendant's Sentencing Memorandum. (Doc. 45.)

Petitioner also claims that counsel failed to advise him of the impact the amount of drugs would have on his guideline range. Counsel met with Petitioner on May 28, 2003 at which time counsel went through the possible guideline calculation, enhancements, criminal history category, reductions for acceptance of responsibility, and application of a 5K1.1 motion. Petitioner signed this sentencing guideline estimate. (Gov't Ex. 3.)

Petitioner cannot show that counsel's representation was objectively deficient. Thus, the court will deny Petitioner's habeas petition with respect to the amounts of drugs attributed to Petitioner and the impact those amounts had on Petitioner's sentencing range.

2. Sentencing Promise

Petitioner's claim that counsel promised him a sentence between 138 to 168 months was, in all probability, predicated on counsel's estimate that a 5K1.1 motion containing a 30 percent reduction could result in a sentence between 131.6 and 164.5 months. Furthermore, the plea agreement specifically sets forth the stipulated amounts of the drugs (Doc. 31 at p. 5 ¶ 13). Petitioner was asked if he had questions concerning the plea agreement (Tr. of Plea Proceeding at p. 8), as well as whether anyone had promised him what his sentence would be (*id.* at pp. 6-7*)* to which he answered "no" to both questions. Thus, the court finds no deficiency by counsel on this issue and will deny Petitioner's habeas petition with respect to this issue.

### 3. Promise of a 5K1.1 Departure

On April 28, 2005, Petitioner met with prosecutors and gave a proffer. As a result of that proffer, on May 28, 2005, Defendant signed a plea agreement which contained an agreement by the Government to consider a 5K1.1 departure motion. Subsequent to that proffer, the Government interviewed Petitioner's codefendant. The Government requested and received permission to interview Petitioner a second time. As a result of the second interview or proffer, the Government found that Petitioner was not forthcoming with certain information and declined to consider a 5K1.1 motion.

The sentencing guidelines permit a court to depart downward based on substantial assistance only if the Government offers a motion to do so. The court can depart even if the Government refuses to offer a motion in extraordinary circumstances such as where a refusal to file a motion was based on an unconstitutional motive, or where the Government reserved "sole discretion" in the plea agreement to determine whether to offer a motion and the district court determines refusal of such a motion is attributable to bad faith. *United States v. Abuhouran*, 161 F.3d 206 (3d Cir. 1998). No such claims are raised here. Accordingly, the court will deny Petitioner's habeas petition with respect to this issue.

### 4. Gun Possession

Petitioner asserts that counsel forced Petitioner to sign a letter accepting responsibility for the firearm and that counsel failed to inform Petitioner of the consequences of signing a letter accepting responsibility for the firearm. At some point in time, approximately August 25, 2003, counsel anticipated the filing of a

superseding indictment charging Defendant under 21 U.S.C. § 924(c)(1)(A), for gun possession which would have resulted in a consecutive sentence.  The Government agreed not to file the superseding indictment, but instead would request a two level enhancement for the same under relevant conduct.  Petitioner signed and acknowledged understanding counsel's sentencing estimate, which set forth both possibilities.  (Gov't Ex. 3.)  In a letter to the court, Petitioner set forth his involvement in the gun purchase.  (Gov't Ex. 7.)  Counsel, through his sentencing estimate, fully explained to Petitioner the implications of a two level enhancement.  Thus, Petitioner's letter to the court setting forth his involvement with the gun purchase was done knowingly and voluntarily by Petitioner.  Accordingly, the court finds that counsel was not objectively deficient and will deny Petitioner's habeas petition with respect to this issue.

        5. Consecutive Sentence Regarding Parole Revocation

    Petitioner asserts that counsel was ineffective because counsel failed to explain to Petitioner that his revocation sentence would run consecutive to his sentence for drug distribution.  While counsel has no notes reflecting his discussion with Petitioner on the effect of a sentence on the parole revocation, counsel's testimony was that this was discussed.  Regardless, in the sentencing memorandum filed by counsel, the fact that any revocation sentence will be consecutive is set forth. (Doc. 45 at p. 6.)  Petitioner acknowledges receipt of a copy of that memorandum. Therefore, Petitioner was made aware that his revocation sentence would be consecutive.  As such, the court finds that counsel was not objectively deficient, and the court will deny Petitioner's habeas petition with respect to this issue.

7

**III**.  **Conclusion**

Based on the foregoing, the court finds that not only has Petitioner failed to show that counsel's performance fell below an objective standard of reasonableness but he further failed to show that but for counsel's alleged errors he would not have pleaded guilty and would have insisted on going to trial.  Petitioner has indicated that he plead guilty because he was wrong and his involvement is set forth in the Government's Exhibit 7.  Petitioner's motion will be denied.  An appropriate order will be issued.

                s/Sylvia H. Rambo
                SYLVIA H. RAMBO
                United States District Judge

Dated:  April 19, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1: CR-03-028-02**
:
:
**v.** :
:
:
**ANDRE SIERRA, JR.** :

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus is **DENIED**.

2) This court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

                                                   S/Sylvia H. Rambo
                                                   SYLVIA H. RAMBO
                                                   United States District Judge

Dated: April 19, 2005.